UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON DIVISION

In Re:  Case No. 21-60966

Amy Shriner
  *aka* Amy Elizabeth Shriner       Chapter 7
  *aka* Amy E Peters

Debtor(s).       Judge Russ Kendig

**MOTION OF HONDA LEASE TRUST FOR RELIEF FROM STAY**

**2020 HONDA CIVIC - VIN 2HGFC2F66LH540995**

Honda Lease Trust (the "Movant") moves this Court, under Bankruptcy Code §§361, 362, 363, and other sections of Title 11 of the United States Code, under Federal Rules of Bankruptcy Procedure 4001 and 6007, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code §362.

MEMORANDUM IN SUPPORT

1. The Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2). The venue of this case and this motion is proper under 28 U.S.C. §§1408 and 1409.

2. On March 25, 2020, the Debtor, Amy Shriner, entered into a Closed End Motor Vehicle Lease with Great Lakes Honda in the amount of $25,706.90. This figure represents total lease payments of $12,743.90 and purchase option in the amount of $12,963.00. A copy of the Closed End Motor Vehicle Lease dated March 25, 2020 (the "Lease"), is attached as **Exhibit A**.

3. The Lease relates to a Vehicle known as a 2020 HONDA CIVIC - VIN 2HGFC2F66LH540995 owned by the Movant (the 'Vehicle'). The Vehicle is more fully described in the Lease (check one):

    ☐    attached as Exhibit B;

    OR

    ☒    contained in the Note, attached as **Exhibit A**.

4. The lien created by the Security Agreement was duly perfected by (check all that apply):

    ☐    Filing of the Security Agreement in the office of the <COUNTY> County Recorder on <DATE>.

    ☐    Filing of the UCC-1 Financing Statement in the office of _____ on <DATE>.

    ☒    Notation of the lien on the Certificate of Title, attached as **Exhibit B**.

    ☐    Other (state with particularity) _____.

A copy of the Certificate of Title or other document, as applicable, is attached as **Exhibit B**.

5. The entity in possession of the original Closed End Motor Vehicle Lease as of the date of this motion, is Honda Lease Trust.

6. The entity servicing the loan is: Honda Lease Trust.

7. The Note was transferred, as evidenced by the following:

    a.    If the Collateral is real estate:

        i.    Under Uniform Commercial Code § 3-203(a) as applicable under state law in effect where the property is located, from the original lender:

            ☒    N/A.

OR

☐     By endorsement on the Note, payable to_____.

OR

☐     By blank endorsement on the Note.

OR

☐     By allonge attached to the Note, payable to_____.

OR

☐     By blank allonge, attached to the Note.

OR

☐     The Note is not endorsed to the Movant, or is not endorsed in blank with an allegation that the Movant is in possession of the original Note. The factual and legal basis upon which the Movant is entitled to bring this motion is (explain with particularity and attach supporting documentation):

_____

_____

_____.

OR

☐     By endorsement on the Note or by allonge attached to the Note, through a power of attorney. If this box is checked, a copy of the power of attorney is attached as Exhibit <___>. Explain why it provides Movant the authority to endorse

the Note:

        _____

        _____

        _____ .

      ii.      Under Uniform Commercial Code §3-203(a) as applicable under state law in effect where the property is located, from the <FIRST TRANSFEREE> to <_____> [ADD ADDITIONAL TRANSFER SECTIONS AS APPROPRIATE. THE LAST TRANSFEREE MUST BE THE MOVANT].>

      iii.     A court has already determined that Movant has the ability to enforce the Note with a judgment dated <INSERT DATE OF JUDGMENT> in the <INSERT NAME OF COURT>. A copy of the judgment is attached at Exhibit <_>.>

      iv.     Other_____ [explain].>

  b.    If the Collateral is not real estate (check one):

     ☐    N/A.

     OR

     ☒    From the original lender to Honda Lease Trust by Notation on the Lease and Security Agreement.

8.    The Security Agreement was transferred as follows (check one):

     ☐    N/A.

     OR

     ☒    From the original lender, on March 25, 2020 to Honda Lease Trust. The transfer is evidenced by the document attached to this Motion as **Exhibit A**.

9.    The value of the Collateral is $20,975.00. This valuation is based on NADA

Official Used Car Guide, attached as **Exhibit C**.

10. As of the date of this motion, there is currently due and owing on the Lease the outstanding principal balance of $20,988.99. Said balance represents the remaining payments due under the lease and a Purchase Option of $12,963.00, as descried in more detail on the worksheet. The total provided in this paragraph cannot be relied upon as a payoff quotation.

11. The amount due and owing on the Note as set forth in paragraph 10 DOES NOT include a credit for the sum held in a suspense account by the Movant. The amount of the credit is $ N/A.

12. Other parties known to have an interest in the Collateral besides the debtor(s), the Movant, and the trustee are (check all that apply):

- ☒ N/A.

- ☐ The <COUNTY> County Treasurer, for real estate taxes, in the amount of $<AMOUNT>.

- ☐ <CO-OWNERS, IF APPLICABLE, STATE NAME>.

- ☐ Wells Fargo Bank NA as Collateral Agent, IN THE AMOUNT OF $**UNKNOWN**.

13. The Movant is entitled to relief from the automatic stay under Bankruptcy Code §362(d) for these reason(s) (check all that apply):

- ☐ Debtor has failed to provide adequate protection for the lien held by the Movant for these reasons:

☐ Debtor has failed to keep the Collateral insured as required by the Security Agreement.

☐ Debtor has failed to keep current the real estate taxes owed on the Collateral.

☒ Debtor has failed to make periodic payments to Movant for the months of May 2020 through current, which unpaid payments are in the aggregate amount of $1,024.64 through August 12, 2021. The total provided in this paragraph cannot be relied upon as a reinstatement quotation.

☒ Debtor has no equity in the Collateral, because the Collateral is valued at $20,975.00, and including the Movant's lien, there are liens in an aggregate amount of $20,988.99 on the Collateral.

☐ Other cause (set forth with specificity):

14. Movant has completed the worksheet, attached as **Exhibit D**.

WHEREFORE, Movant prays for an order from the Court:

(a) granting Movant relief from the automatic stay of Bankruptcy Code §362 to permit Movant to proceed under applicable nonbankruptcy law.

Respectfully Submitted,

/s/ Molly Slutsky Simons
Molly Slutsky Simons (0083702)
Sottile & Barile, Attorneys at Law
394 Wards Corner Road, Suite 180
Loveland, OH 45140
Phone: 513.444.4100
Email: bankruptcy@sottileandbarile.com
Attorney for Movant

# **CERTIFICATE OF SERVICE**

I certify that on August 12, 2021, a true and correct copy of this Motion was served:

Via the Court's ECF System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

    Rebecca J. Sremack, Debtor's Counsel
    rebecca@sremacklaw.com

    Anthony J. DeGirolamo, Trustee
    tony@ajdlaw7-11.com

    Office of the U.S. Trustee
    (registeredaddress)@usdoj.gov

And by regular U.S. Mail, postage pre-paid on:

    Amy Shriner, Debtor
    10461 Mapleview St NW
    Canal Fulton, OH 44614

                                             /s/ Molly Slutsky Simons
                                             Molly Slutsky Simons (0083702)
                                             Attorney for Movant